Bastee, Judge.
 

 After stating the case as above proceeded : — The defendant contends that the plaintiffs demurrer to his special plea should have been overruled ; because, he says,the sixty ninth section of the act of 1777,
 
 {Rev. ch.
 
 115,) subjects the Sheriff as special bail only on certain conditions, one of which is that whenhe shall arrest any person on a bailable writ, and shall fail to take a bail bond, and return the same with the writ, then he
 
 *476
 
 shall be held, and deemed special bail on the plaintiffs giving him notice that be looked to him, and considered him special bail, otherwise he is not special bail.
 

 Bail can take adv.an.tage °( aco
 
 sa.
 
 only-by a special plea.
 

 We cannot give such a construction to that section as the defendant contends for. The. section contemplates making the Sheriff special bail in two cases : first when he has not taken any bail bond: secondly, when ho has taken insufficient bail, and exception shall be taken thereto the same terra the writ is returnable, and notice given that term to the Sheriff to justify, and he does not justify, then he becomes special bail. When the Sheriff fails to take any bail bond,he is special bail himself, with out any other notice than that which he receives from the law. There is
 
 si proviso
 
 which enables the defendant to put in now bail, before the time given him to plead has expired, and then the Sheriff is discharged,and also author-ising the Sheriff to surrender in discharge of himself,— When the Sheriff has not taken any bail bond, he is not entitled to any notice from the plaintiff in order to sub* ject him as bail; this point has been decided by this court after an objection similar to the one now made,
 
 (Governor
 
 v
 
 Jones,
 
 2
 
 Hawks,
 
 363.) We think the demurrer was properly sustained by the court.
 

 Secondly: the defendant in this court, moves in arrest of judgment, because the
 
 Scire Facias
 
 does not recite that a
 
 ca. sa.
 
 had issued on the judgment, and had been returned
 
 non est inventus.
 
 He contends that as the act of Assembly expressly requires that a
 
 ca. sa.
 
 shall issue, and be returned before a
 
 scire facias
 
 shall go against the bail, it is necessary that it should be recited in the
 
 scire facias.
 

 In .England the
 
 scire facias
 
 only recites the recogió-zance of bail, and the judgment against the principal, and that he has not paid, it or .rendered himself — it does not recite the
 
 ca. sa.
 
 or the return of
 
 non est inven-tus, (Archb. Appdx.
 
 253, 254.) If the
 
 ca. sa.
 
 has not issued, or has not been returned
 
 non est inventus,
 
 the defendant must take advantage of the omission by a special plea,
 
 (Lutw.
 
 1825, 1
 
 Archb. Prac. B. K.
 
 319,
 
 Philpot
 
 v
 
 Manuel,
 
 16
 
 Eng. C L R
 
 244,) he cannot take the objection on the plea of
 
 mil tiel record
 
 for that refers only to
 
 *477
 
 tli© record of the judgment,
 
 (Handy
 
 v
 
 Richardson,
 
 2
 
 Hay.
 
 138.) In England the practice is to issue the
 
 ca. sa.
 
 and lodge it in the Sheriffs office, where it must be the four last days exclusively before the return. The Sheriff then returns
 
 non est inventus
 
 as a matter of course, without making any attempt to arrest the defendant, the
 
 ca. sa.
 
 being intended merely as a notice to the bail of the plaintiffs intentions to proceed against them,
 
 (Hunt
 
 v
 
 Cox,
 
 3
 
 Bur.
 
 1360. 1
 
 Archb. P. 320.)
 
 The act of 1777", which requires that a
 
 ca. sa.
 
 shall issue against the principal, and be returned
 
 non esl inventus
 
 before a
 
 scire facias
 
 shall issue against the bail, is to be considered only as re-enacting the rule and practice in the English courts, with this exception, that the Sheriff must make a diligent effort to execute the
 
 ca. sa.
 
 It has been determined in this State, that it is not necessary to recite the
 
 ca. sa.
 
 against the principal m a
 
 scire facias
 
 against the bail,
 
 (Langdon
 
 v
 
 Troy,
 
 2
 
 Hay.
 
 15.
 
 Arrenton
 
 v
 
 Jordan,
 
 4 Hawks 98.) We are of the opinion that the motion in arrest of judgment should be overruled, and that the judgment of the Superior Court should be affirmed.
 

 Langdonv.
 
 Troy
 
 (l
 
 May. 15)
 
 and
 
 dan,
 
 (4
 
 Hawks
 
 98,) approved.
 

 Per Curiam — Judgment aeitrmed-